### WOOD *et al. v.* CHICAGO, S. F. & C. R. Co.

### SUMMERS *v.* SAME.

#### (*Circuit Court, E. D. Missouri, N. D.*   June 4, 1889.)

1. ARBITRATION AND AWARD—CONTRACTS—ENGINEER'S ESTIMATES.
    A clause in a railroad construction contract, that makes the engineer's estimate and classification of work final and conclusive, is valid and binding.

2. SAME—AVOIDING ESTIMATE—EQUITY JURISDICTION.
    Estimates made by the engineer in pursuance of such contract can only be avoided in equity, on the ground of mistake, fraud, or gross error, and neither fraud nor mistake can be alleged or proven to avoid the estimates in an action at law on the contract to recover the balance claimed to be due.

3. SAME.
    A proceeding on such a contract, in which it is alleged, by way of avoidance of estimates made, that they were collusive, fraudulent, or grossly unfair and erroneous, is an equitable proceeding to obtain relief on the ground of fraud and mistake.

4. SAME.
    Whether the alleged errors exist in the estimates, and their probable amounts, and whether the estimate ought to be disregarded, are questions of fact for the chancellor, and not for a jury.

On Motions to Strike Out Parts of Petitions.

*Craig, McCrairy & Craig* and *Mattock & Hiller,* for Wood and others.
*Gardiner Lathrop, T. L. Montgomery,* and *Ben Eli Guthrie,* for defendant.
*A. J. Baker, Mattock, Hiller & Howard,* and *T. L. Montgomery,* for Summers.

THAYER, J.   The questions argued by counsel on the submission of the motions to strike out parts of the petitions do not properly arise, because the clause of the contracts making the engineer's decision final and conclusive as to the amount and classification of work done is not pleaded in the petitions; and the contracts themselves, which are attached as exhibits, form no part of the record, according to the view that is taken in this state.   As these petitions are framed, the allegation that the engineer's estimates were fraudulent, collusive or erroneous is redundant matter, and might be properly stricken out for that reason, under the Missouri Code, treating the suits as actions at law.   Inasmuch, however, as the

questions discussed by counsel must arise on the trial, I consider it proper to determine them now, although they do not arise on the record.

With respect to the question whether a clause in a railroad construction contract is valid that makes the engineer's estimate and classification of work final and conclusive, it will suffice to say that the weight of American and English authority is decidedly in favor of the view that such provisions are binding upon the contracting parties. *Herrick* v. *Railroad Co.*, 27 Vt. 673; *Kidwell* v. *Railroad Co.*, 11 Grat. 676–691; *Grant* v. *Railroad Co.*, 51 Ga. 352, 353; *Railroad Co.* v. *Veeder*, 17 Ohio, 396; *Railroad Co.* v. *Northcott*, 15 Ill. 49; 2 Wood, Ry. Law, 995, 996; 1 Redf. R. R. 435; *Ranger* v. *Railway Co.*, 1 Eng. Ry. Cas. 1; *Knoche* v. *Railway Co.*, 34 Fed. Rep. 471. The law seems to be quite well settled that estimates made by an engineer in compliance with contracts making him the arbiter as to measurements, amount, and classification of work, are conclusive, and can only be avoided by proof of mistake, or fraud, or of gross negligence on the part of the engineer amounting to fraud. It seems to be a mooted question whether an estimate can be avoided for any other mistakes of the engineer than those of fact, as distinguished from mistakes of judgment; the better opinion being no doubt that there is no remedy for mistakes of judgment as to the quality of work done when the engineer or arbiter has acted in good faith in the exercise of his judgment. *Ranger* v. *Railway Co.*, 1 Eng. Ry. Cas. 1, 13 Sim. 368.

Such provisions in contracts being binding the next question is whether an estimate made by an engineer in accordance with such a stipulation can be avoided in a strictly legal proceeding by proof of fraud, gross negligence, or mistake? Of course, if an estimate thus made is regarded in the light of an award made by an arbitrator, the authorities are practically all one way,—that recourse must be had to a bill in equity, and that neither fraud or mistake can be alleged or proven to avoid the estimate, in a suit at law on the contract to recover a balance claimed to be due. The best-considered cases on the subject, so far as my observation extends, treat estimates (especially final estimates) made by an engineer in pursuance of such provisions, as an award that can only be avoided in chancery. *Herrick* v. *Railroad Co.*, *supra; Kidwell* v. *Railroad*, *supra; Railroad Co.* v. *Veeder*, *supra; Grant* v. *Railroad Co.*, 51 Ga. 353. It appears to me, also, that on general principles, whether such estimates are or are not technical awards, courts of equity alone have authority to vacate them on the ground of mistake, fraud, or gross errors amounting to fraud, when such estimates have been regularly made in pursuance of contract provisions. If an engineer appointed by the parties fails to act,—that is, fails to make an estimate,—I have no doubt that a suit at law may be maintained on the contract to recover what is due. *Starkey* v. *De Graff*, 22 Minn. 431, *Kistler* v. *Railroad Co.*, 88 Ind. 460. A proceeding begun upon a construction contract containing a stipulation making the measurements, classifications, and estimates of the engineer final and conclusive, in which proceeding it is alleged by way of avoidance of estimates made by the engineer that they were collusive, fraudulent, or grossly unfair and erroneous, is, in my opinion,

essentially an equitable proceeding to obtain relief on the ground of fraud and mistake, and should be so treated. The gist of the cause of action in such a suit, is the fraud or mistake of the engineer. Whatever is done subsequent to the trial of that issue, in the way of finding out what is really due to the contractor, is incidental or collateral to the main issue. I apprehend that if on the trial of such a suit errors to any substantial amount are shown in the measurements or estimates of the engineer, such as would fairly raise the presumption that the arbitrator must have been either ignorant, inefficient, or negligent, no court would hesitate for a moment to grant relief to the contractor, but in the first instance the question whether such errors exist in the estimates, and their probable amount, and whether the estimate ought to be disregarded, is a question for the chancellor, and not for a jury. The fact, if it be a fact, that the engineer or person selected to measure and estimate the work done is in the employ of one of the contracting parties, undoubtedly makes it the duty of the court to scrutinize his estimates with great care, as the law requires of persons so situated the utmost diligence and good faith. Pierce, R. R. 382. This seems to be the rule fairly deducible from the best-considered cases, and the one I shall adopt.

In several cases bills have been entertained to avoid erroneous estimates on the ground of fraud and mistake, without a question as to the propriety of such a procedure, and, if equity has jurisdiction in such cases, it is clear that a court of law has not. *Vide* cases above cited, and *Sharpe* v. *Railway Co.*, L. R. 8 Ch. 597. The result is that, if in the cases now under consideration the proof shows that estimates have been made by the engineer, which by the provisions of the contract are made conclusive so far as the amount and classification of the work are concerned, and if counsel are relying upon the charge that the engineer acted fraudulently, collusively, or negligently to avoid the estimates, the court will hold that the cases are of equitable cognizance, and will proceed accordingly.