WALTER ROSS, Appellant, v. MCARTHUR BROTHERS AND
    CHICAGO, SANTA FE & CALIFORNIA RAILWAY
        COMPANY, Appellee.

| 85 | 203 |
|----|-----|
| 89 | 500 |
| 85 | 203 |
| 95 | 161 |
| 95 | 359 |
| 85 | 203 |
| 103 | 313 |
| 85 | 203 |
| 113 | 683 |
| 85 | 203 |
| d114 | 255 |
| 85 | 203 |
| f125 | 233 |
| 85 | 203 |
| 132 | 418 |

1.  **Arbitration:** AGREEMENT: VALIDITY: WHEN CONCLUSIVE.  An agree-
ment providing that estimates of the quality of work done thereunder
shall be referred to a third person whose determination of such
question shall be conclusive upon the parties to such agreement, is
not invalid, and when an award has been made thereunder in good
faith is binding upon the parties.

2.  **Contract:** CONSTRUCTION: SUBSTANTIAL PERFORMANCE.  A contract
for grading provided that, there should be no classification of materials
other than earth, loose and solid rock, and that loose rock should
comprise shale or soapstone, coarse boulders in gravel, cemented
gravel, hard pan, or any other material which could not be plowed
with a strong ten-inch grading plow, well handled, behind a good six
mule or horse team.  *Held*, that an estimate of work under said
contract which allowed the plaintiff the price for grading loose rock
for twenty-five *per cent.* of the work done where the material was so
hard that six horses could only plow one-half the time, and for fifty
per cent. where eight horses were required, and in about the same
ratio until the very hard material was reached, classified as rock,
was, in view of an adjustment made between the parties upon final
settlement, a substantial performance of the contract.

*Appeal from Lee District Court.*—HON. C. H. PHELPS, Judge.

TUESDAY, MAY 17, 1892.

THE pleadings are quite lengthy, but the following is a sufficient statement thereof to an understanding of the questions discussed. The plaintiff's petition shows, that the defendants, McArthur Bros., contracted in writing with the defendant company to grub and grade certain parts of its line of road, and that they sublet the grubbing and grading of certain sections thereof to the plaintiff by the contract in writing set out; that by said contract the plaintiff was to execute his part of the work under the direction and supervision of the chief engineer of the railway company and his assistants, "by whose measurements and calculations the quantities and amounts of the several kinds of work performed under the contract shall be determined, and whose determination. shall be conclusive upon the parties;" that the estimates made by the engineer were wrongfully, falsely and fraudulently made, and not as required by the contract in certain particulars stated; and that the contract between the defendants was the same as that with the plaintiff as to classification and estimates of the work and decisions of the engineer. The plaintiff asks judgment and decree correcting the estimates of the work done by him, and payment therefor in the sum of ten thousand dollars with interest. The defendant railway company denies any liability under the contract with the plaintiff; denies that the estimates were wrongfully, falsely or fraudulently made; and alleges that the plaintiff's claim for the work was fully settled and paid for. The defendants, McArthur Bros., answered, alleging a full and complete settlement of the plaintiff's claim according to the award of the engineer; that the plaintiff's claim, if he

has any, is by reason of the wrongful acts of the chief engineer; that they had no control over his acts; have received no benefit by reason of his wrongful acts, if there be any; and that the plaintiff's cause of action, if he has any, is against the defendant railway company. By way of cross petition against the railway company they ask that, if the estimates made are wrongful, they recover against the railway company according to the correct estimates. The railway company answered the cross petition, denying that it was a party to the contract with the plaintiff, and alleging full settlement with and payment to McArthur Bros., according to their contracts and estimates of the engineer. The case was submitted to the court, and decree entered dismissing the plaintiff's petition, from which he appeals.—*Affirmed.*

*James H. Anderson,* for appellant.

*James C. Davis,* for McArthur Bros., appellees.

*Gardiner Lathrop, J. D. M. Hamilton* and *Ben Eli Guthrie,* for the C., S. F. & C. Railway Company.

GIVEN, J.—I. The contract between the appellant and McArthur Bros. contains this clause: "*Second.* The

1. ARBITRATION: agreement: validity: when conclusive.

work shall be executed under the direction and supervision of the chief engineer of said railway company, and his assistants, by whose measurements and calculations the quantities and amounts of the several kinds of work performed under this contract shall be determined, and whose determination shall be conclusive upon the parties thereto. * * * Said engineer shall decide every question which can or may arise between the parties in the execution of this contract, and his decision shall be binding and final upon both parties; and whereas, the classification of excavation provided

for in the annexed specification is of a character that makes it necessary that special attention should be called to it, it is expressly agreed by the parties to this contract that the classifications, measurements, and calculations of said engineer of the respective quantities of such excavations shall be final and conclusive." The relief asked is a correction of the estimates made by the engineer, and recovery of the balance due. The ground alleged for such relief is that the estimates were wrongfully, falsely and fraudulently made. The appellant contends in argument that the agreement to submit to the decisions of the engineer is not valid, or a bar to his right to sue for the work done, for the reason that such an agreement ousts the court of jurisdiction. It would be a sufficient answer that the appellant has not pleaded this as a ground for relief, but we add that the authorities are quite uniform in recognizing such contracts as valid and binding. See *M. & P. R'y Co. v. March*, 114 U. S. 549, 5 Sup. Ct. Rep. 1035; 1 Redf. R. R. 435; 1 Ror. R. R. 462; *Herrick v. Belknap*, 27 Vt. 673; *Crumlish v. Railroad*, 5 Del. Ch. 270; *Snell v. Brown*, 71 Ill. 133; *Grant v. Railroad*, 51 Ga. 348; *Faunce v. Burke*, 16 Pa. St. 469; *Wood v. Railroad*, 39 Fed. Rep. 52; *Flynn v. D. M. & St. L. R'y. Co.*, 63 Iowa 491; *Meyers v. Pacific Construction Co.*, 27 Pac. Rep. (Ore.) 584. The appellant cites *Reed v. Washington Insurance Co.*, 138 Mass. 575, and *Gere v. Council Bluffs Insurance Co.*, 67 Iowa 273, wherein it is held that, under an agreement to submit to arbitration, a submission is not a condition precedent to the maintenance of an action, for the reason, among others, that the agreement to arbitrate is revocable at any time before executed, and the bringing of an action amounts to a revocation. The former case expressly recognizes such an agreement as valid and binding when an appraisal or award has been made under it. Under the rule recognized in the

authorities cited, and others that might be added, these parties are concluded by the estimates of the engineer, unless they are shown to have been made as alleged, namely, wrongfully, falsely or fraudulently.

II.   We next inquire whether the estimates were wrongfully, falsely, or fraudulently made in either of the respects claimed.   "The plaintiff complains of the estimates in the following particulars:   *First*. Classification of his work, whereby he was estimated and allowed seven and one-half cents per yard as for earthwork, when a large amount of it was, under the contract and specifications, loose rock, to be paid for at thirty-five cents per yard. *Second*. He was estimated, allowed and paid for work by the monthly estimates, which was afterwards wrongfully deducted and taken from him. *Third*. That he was underestimated in haul provided by the contract. *Fourth*. That he was underestimated in grubbing done by him under the contract. *Fifth*. That finishing stakes were not furnished him, and that he was, in consequence, required to go over his work, and bring it up to grade a second time after it had settled, when five to seven per cent. of all the banks had been deducted for shrinkage, the amount it cost him being shown by the bills for such work proved by the evidence. *Sixth*. That he was damaged by delay in being furnished right of way in the largest cut on his work, so that it cost him one thousand five hundred dollars more to do it than if it had been furnished on time as he needed to work on it."

The evidence touching these items is quite voluminous, and cannot be noticed in detail within the limits of an opinion, nor is it necessary that it should be.   The appellant's principal complaint is against the classification of the materials. The contract provides as follows:   "There shall be no classification of material of any kind other than earth,

2. Contract: construction: substantial performance.

loose and solid rock, as provided in the specifications."
The specifications provide as follows: "Excavations
in loose rock shall comprise, first, shale or soapstone,
in its original or stratified position, coarse boulders in
gravel, cemented gravel, hardpan, or any other material
requiring the use of pick and bar, or which cannot be
plowed with a strong ten (10) inch grading plow, well
handled, behind a good six (6) mule or horse team.
Excavation in solid rock shall be taken out with
eighteen feet base, and solid rock shall comprise—*First*,
rock in solid beds or masses, in its original or stratified
position; *second*, boulders or detached pieces of rock
exceeding one (1) cubic yard, and all other material
which, in the judgment of the engineer, cannot be
removed without blasting."

Estimates were made from time to time as the
work progressed, and payment made thereon by the
railroad company to McArthur Bros., and by them to
their sub-contractors, including the appellant. In mak-
ing these estimates it was the purpose to keep within
the limit of work done, so that there would be no
overpayment to the contractor, leaving any deficiencies
to be covered by the final estimate. These estimates
were made in part, at least, according to the following
instructions: "As to classification, use your best
judgment. Where the material is so hard that six
horses can only plow half the time, allow a fair portion
of loose rock, say twenty-five per cent. Where eight
horses would be required, call about fifty per cent. loose
rock, and about in that ratio, until in the very hard
material, the hardpan of the specifications would be
reached, which should all be classified as loose rock."
During the progress of this work, the appellant and
other sub-contractors complained of the classification,
and upon the completion of the work McArthur Bros.
had a conference with their sub-contractors, including
the appellant, at which the classification of the work

was discussed. No other complaint was made by or for the appellant at that time. A statement showing the classification claimed by the contractors and sub-contractors was made out and agreed upon as acceptable, which statement was submitted to the chief engineer, and thereafter a change was made in the previous estimates from the former classification, and payment of the amount shown by the final estimate was made and received. The appellant's contention is that the classification made under the instruction quoted above was in violation of the contract.

It is evident from the nature of the materials named, and the manner in which they are often found blended in the earth, that a classification must be to some extent a matter of judgment; and it was no doubt in view of this fact that the parties agreed that the classifications of the engineer should be final and conclusive. The contract fixed, as the rule by which it was to be determined whether the material was earth or loose rock, the force required to remove it. If it could be plowed with a strong ten-inch grading plow, well handled, behind a good six mule or horse team; it was to be classed as loose earth; but if it required greater force than this, and less than solid rock, it was to be classed as loose rock; and if, in the judgment of the engineer, blasting was required, then it was to be classed as solid rock. According to the contract, if the material could be plowed as stated, it was loose earth without regard to the length of time a team could be continuously worked; in other words, if it could be plowed at all in the manner stated, it was loose earth. The instructions quoted above were certainly more favorable to the contractor. If the six-horse team could only plow half time or less, it was loose earth under the contract, and yet the instruction was to "allow a fair portion of loose rock, say twenty-five per cent."

Under the contract, the appellant was entitled to have the material classed as loose rock if it could not be plowed, as stated, with a six mule or horse team; and the instruction "to call about fifty per cent. loose rock," where eight horses would be required, is not exactly according to the contract; but it was just such matters as this that were left to be summed up in the final estimate. While the classifications under the instructions were less favorable to the contractor in one part than that required by the contract, they were more favorable in the other; and we think it appears that these matters were fairly adjusted, in substantial compliance with the contract, in the final estimate. The plaintiff has failed to show such substantial error in the classification of the engineer as would warrant us in setting the estimates aside, on the ground of wrong classification.

The only evidence relied upon as tending to show fraud in the making of the estimates is the relation of the engineer to the defendant railroad company. The agreement to submit to his classification, measurements and calculations, was made with a full knowledge of that relation, and the evidence fails to satisfy us that his classifications, measurements and calculations, were in any substantial respect wrongful, false or fraudulent.

III. As to the other claims of the appellant, it appears that at the time of the conference with McArthur Bros., and the making of demands by the contractors with a view to the final estimate, the appellant did not make or urge either of these claims, and that he received full payment of the amount found due to him according to the final estimate. While it does appear that other engineers might have estimated differently as to these items, or classified differently as to earth or loose rock, yet it does not appear that there was any substantial or intentional error in the esti-

mates.  We think it fairly appears that each of these items received the attention of the engineer, and that all reasonable and just allowances were made in favor of the contractors.  It certainly does not appear that there was any intentional omission or fraud practiced upon the appellant with respect to either of his claims.

As the foregoing conclusion fully disposes of the case, we need not consider the issue as to whether the the appellant is estopped from asserting these claims by reason of the payment made to him.  Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.