89   499|
132   418|

## J. N. EDWARDS, Appellant, v. LOUISA COUNTY, Appellee.

1. **Contract**: CONSTRUCTION OF LEVEE: ESTIMATES OF ENGINEER: RELIEF. Under a contract for the construction of a levee, to be paid for at a price named per yard, upon estimates made by the county engineer, who was to be "the sole judge of the quality and quantity of all said work," the estimates made by the engineer are conclusive upon the parties in the absence of fraud, mistake, or some other wrong, which ought to entitle a party disputing such estimates to relief.

2. **Judgment**: FORM OF ENTRY. A dismissal of the plaintiff's petition after a trial on the merits, affords no ground for complaint where it appears that the plaintiff was not entitled to recover, and it was so adjudged.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

### TUESDAY, OCTOBER 17, 1893.

ACTION at law to recover a balance claimed to be due to the plaintiff upon a contract entered into with the defendant to construct certain sections of a levee on Muscatine island. There was a trial by court upon the merits, and the plaintiff's petition was dismissed, and judgment rendered against him for costs, and he appeals.—*Affirmed.*

*L. A. Reiley* and *Caldwell & Molsberry,* for appellant.

*A. W. Jarvis,* County Attorney, and *Newman & Blake,* for appellee.

ROTHROCK, J.—I. The work done by the plaintiff in the construction of the levee was performed under a written contract. It is unnecessary to set

1. CONTRACT: construction of levee: estimates of engineer: relief.

out the contract at length. The part of it material to be considered in determining this appeal is, in substance, as fol-

lows: The plaintiff was to receive for his work the sum of fifteen cents per cubic yard for all earth moved and placed in the embankment which constituted the levee. The payments were to be made in "county warrants issued or drawn on a special fund to be raised for that purpose by an assessment or levy on the land benefited by said levee." The work was to be done to the satisfaction and acceptance of the engineer of the levee, and the work was to be paid for on the estimates of said engineer, and the engineer was to be the sole judge of the quality and quantity of all said work, and from his decision there could be no appeal. The plaintiff was paid the full amount due him as shown by the estimates of the said engineer. This action was brought, not upon the ground of an alleged fraud or mistake of the engineer, but, so far as the original petition shows, the ground of recovery was that there was a balance due; and action was brought directly against the county, and judgment was demanded the same as if the claim were an ordinary money demand to be paid from the general revenue of the county, and not by warrants to be drawn by the county upon a special levy and assessment. It is the settled law of this state that where an action is brought upon a contract like this, it is incumbent on the plaintiff to plead and prove that the estimates made by the engineer in a contract like this are binding upon the parties, unless attacked upon the ground of fraud, mistake, or some wrong which ought to entitle the plaintiff to relief. *Mitchell v. Kavanagh*, 38 Iowa, 286; *Ross v. McArthur*, 85 Iowa, 203.

It will thus be seen that the petition of the plaintiff was grounded upon a mistaken conception of the plaintiff's rights under the contract; but, if the proper claim had been made in the petition, we think that the evidence introduced by the parties was such as to require the district court to find for the defendant. It

is claimed that a measurement of the work, which was made by an engineer at the instance of the plaintiff, showed by such an overwhelming weight of evidence that the original estimates were so wrong as to require the courts to render a judgment for the plaintiff. This engineer testified that the engineer whose duty it was to make the estimates admitted to him that he had made a mistake. It does not appear to be claimed that he stated how great a mistake it was. But, if it were shown that he admitted a material mistake had been made, it may well be questioned whether his admission was proper evidence. It was objected to by the defendant, and the admission does not appear to have been made while in the prosecution of the work. A full examination of the testimony of the engineer who measured the work for the plaintiff fails to show that he had the necessary facts from which to make an accurate survey and estimate of the work, and the court might well have found, as it no doubt did find, that the attack upon the original estimates was not sustained by sufficient evidence. We do not discuss the evidence in detail.

II.   The plaintiff complains because the court dismissed the petition. The form of the order of the court was that "plaintiff's petition be dismissed, and that the defendant have and recover from the plaintiff its costs in this suit, taxed at thirty-five dollars and fifty-five cents." The form of the court's finding or order of judgment was wholly immaterial. It was a full trial on the merits, and it was adjudged that the plaintiff had no right to recover, and it was no prejudice to the plaintiff that his petition was dismissed.

2. JUDGMENT: form of entry.

The judgment of the district court is AFFIRMED.