FRANK M. HENRY, Appellee, v. JOHN JONS, ET AL., Appellants.

Building contracts: PERFORMANCE: ACCEPTANCE: PAYMENT. Where
1    there has been substantial performance of a builder's contract the owner ·cannot avoid liability for payment of the contractor by a mere refusal to accept the building upon its completion.

Same. Where a building contract required the owner to pay the stipulated
2    installments as the work progressed, with final payment upon completion and acceptance by the owner and architect, without regard to the architect's estimates or certificates, upon substantial completion of the contract the owner cannot plead failure of either himself or the architect to express approval of the building, in defense to a suit for the contract price.

· *Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

SATURDAY, MARCH 14, 1914.

ACTION in equity to recover amount alleged to be due on a building contract, and to foreclose a mechanic's lien. Decree for plaintiff, and defendant appeals.—*Affirmed*.

*F. W. Ganoe,* for appellants.

*Whitaker & Snell,* for appellees.

PER CURIAM.—The plaintiff, a building contractor, entered into an agreement with defendant to furnish the

material and construct a two-story garage on a lot owned by the latter for the agreed price of $4,695. He alleges that he has performed his agreement in the construction of said building, and at the request of the defendant did other and extra work thereon to the value of $102.83, and that of the amount so earned by him the sum of $1,498.83 remains due and unpaid for which he demands a recovery and the enforcement of his lien therefor. The defendant admits the contract, but denies performance thereof by plaintiff, and denies that the work has ever been approved or accepted by himself and the architect. He also pleads several counterclaims for damages on account of inferior work and inferior materials, and for delay in completing the building. Certain payments are averred to have been made to plaintiff and upon his orders, and a recovery is demanded upon said counterclaims to the amount of $1,861.90. The trial court found for plaintiff for $521.85, and established his lien as provided by statute.

I. As is usual in this class of cases the controversy involves many disputed questions of fact, upon most of which the trial court found against the defendant. We shall not go into any statement or discussion of the testimony upon these issues. They present no features of general interest or value to the profession, and their decision, depending as it does upon the particular circumstances of this individual case, is of no value as a precedent. We will only say that upon a reading of the record we conclude the findings of the trial court in this respect are fairly sustained, and we discover no good reason for overruling them.

II. Counsel for defendant devotes a considerable part of his argument to the proposition that plaintiff, having sued upon a contract, must show a substantial performance on his part in order to recover. As to what constitutes substantial performance the position of defendant is stated as follows: "Substantial performance permits only such omissions or deviations from the contract as are inadvertent or *uninten-*

1. BUILDING CONTRACTS: performance: acceptance: payment.

*tional,* or not due to fraud, do not impair the structure as a whole, are remedial without doing material damage to other parts of the building in tearing down and reconstructing, and may, without injustice, be compensated for by deductions from the contract price.'' This statement of law and definition of performance may be accepted as correct for the purposes of this case, but the fact as to the alleged material defects in the building and material variations from the provisions of the contract having been found against the defendant, then, upon defendant's own conception of the law, the result announced by the trial court works no violation thereof.

III. The most plausible ground of appeal is upon the defense that the building has never been accepted or approved in accordance with the provision of the contract which makes the final installment of the contract price payable at the completion of the entire building if the same is accepted by the architect and the defendant. So far as an acceptance by the defendant himself is concerned, we think if the work is shown to have been done in substantial compliance with the agreement (which we have already held to be established by the evidence), he cannot avoid payment by saying that he refuses to approve or accept the building. The only formal or written notice to the plaintiff of a refusal to approve the work was given by the defendant alone. The architect as a witness on the trial, while criticising the work done in several respects, does not testify that he ever refused, or now refuses, to accept the completed job. The entire record of his evidence on this point is as follows: ''Q. Did you ever accept this building as being complete in compliance with the plans and specifications? A. No.'' This denial is a mere argumentative conclusion, nor does it negative a substantial compliance. The precedents relied upon by the appellant are of the familiar class, where the contractor agrees to accept payment for his work only upon the estimates or certificate of an engineer or architect, an agreement which we have held to be valid and binding. Under such contract it has also been held that these

estimates are the measure of the contractor's right of recovery. *Mitchell v. Kavanaugh*, 38 Iowa, 286; *Trust Co. v. Gibson*, 145 Fed. 871 (76 C. C. A. 155, 7 Ann. Cas. 522) ; *Miller v. R. R. Co.*, 132 Iowa, 412; *McNamara v. Harrison*, 81 Iowa, 486; *Edwards v. Louisa County*, 89 Iowa, 499.

The authority of these decisions and their application to all cases of like character will not be questioned, but the contract now before us is not of that kind. It nowhere requires the contractor to receive payment upon

2. SAME.

the architect's estimate or certificate, but there is an absolute undertaking by defendant to pay the stipulated installments according to the stage or progress of the work; no mention being made of the architect except the reference to his "acceptance" when the work was completed. Nor is there any provision by which the architect is given authority to act as arbiter of any differences arising between the contractor and owner, or to determine what damages, if any, either party may sustain because of any failure of the other to observe the conditions of the contract. Nor is there any requirement of any certificate of approval or acceptance by such architect. Under these circumstances, it appearing that the job has been completed substantially as agreed, we have to repeat that the owner may not plead either his own or the architect's failure to express approval thereof as a defense to an action for the contract price. All parties are required to act in good faith, and a more captious refusal to express an acceptance of a job which is proved to have been done in accordance with the contract therefore will not be allowed to prevent a recovery. The evidence discloses that the architect is himself a building contractor, and was competing bidder for this work, and, while we would not be justified in finding that he acted in conscious bad faith in this transaction, it is not uncharitable to recognize the possibility that the circumstance to which we refer tended to make him less appreciative of the merits of plaintiff's performance of the contract than he otherwise might have been.

The trial court appears to have reached an equitable result, and its decree is—*Affirmed.* All the Justices concurring.