## Ridgeway's Administrator v. Waugh.

*Action for Unlawful Detainer of Lands.*

1. *Abatement and revivor of action.* — An action of unlawful detainer is within the statute authorizing the revivor of "real actions to try the title, or for the recovery of the possession of lands" (Rev. Code, § 2556); and on the death of the defendant, pending the action, it may be revived against his personal representative.

2. *Error without injury, in sustaining demurrer to special plea.* — The sustaining of a demurrer to a special plea, if erroneous, is error without injury, when the record shows that the defendant had, under the plea of the general issue, the full benefit of all the facts which would have been admissible under the special plea.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by Samuel C. Waugh, against William M. Ridgeway, to recover the possession of a town lot in Selma; and was commenced before a justice of the peace, in October, 1861. On appeal to the circuit court, judgment was rendered for the defendant, in May, 1867; but this judgment was reversed on appeal by this court, at its January term, 1868, and the cause was remanded. See the case reported in 42 Ala. 368. On a second trial, after the reversal, judgment was rendered for the plaintiff, under the charge of the court to the jury; but this judgment was again reversed, and the cause remanded, as shown by the report of the case in 48 Ala. 611–14. While the second appeal was pending in this court, the death of the defendant (appellant) was suggested, and the appeal was revived in the name of William J. Bates, as his administrator. After this second reversal, a *scire facias* having been issued to said Bates, and duly served on him, to show cause why the action should not be revived against him, as the administrator of the deceased defendant, he appeared by his counsel, and, as the bill of exceptions states, "objected to proceeding with the trial, on the ground that the cause had not been, and could not be, revived against him as the administrator of said deceased defendant;" but the court overruled his objection, on proof of his appointment as administrator, and due service of the *scire facias* on him, and revived the cause against him; to which ruling and judgment he reserved an exception.

The defendant then pleaded, "in short by consent," the gen-

eral issue, and also a special plea, averring that his intestate abandoned the possession of the land in 1865, and never afterwards had possession, actual or constructive; and that he, as administrator, had never had the control or possession. The court sustained a demurrer to the special plea, and issue was joined on the other plea. The jury having returned a verdict for the plaintiff, the court thereupon rendered the following judgment: "It is therefore considered by the court, that the plaintiff have and recover of the defendant the premises described in the complaint, and also his costs in this behalf expended; but, it being admitted by the plaintiff, in open court, that the possession of the premises has been restored to him since the commencement of this suit, it is ordered that no writ of restitution issue; and it being suggested by the defendant, and admitted by the plaintiff, that the estate of said deceased defendant has been declared insolvent, it is ordered that the judgment for costs be certified to the probate court for allowance."

From this judgment the defendant now appeals, and here assigns as error: 1st, the order reviving the cause against him; 2d, the sustaining of the demurrer to his special (or second) plea; 3d, the matters shown by the record.

JOHN WHITE, for the appellant.

BROOKS, HARALSON & ROY, *contra.*

BRICKELL, J. — The material question presented by the record in this case is, whether an action of unlawful detainer can be revived against the personal representative of the defendant, dying during its pendency. We decide the question in the affirmative. An action for an unlawful detainer, or an unlawful entry and detainer, or a forcible entry and detainer, is, under our statutes, a civil proceeding. R. C. §§ 3297–3320. It is an action for the recovery of the possession of lands, not involving the title to the freehold, nor any interest descendible to heirs. A fair construction of the statute, as to the abatement and revivor of actions, embraces this as one of the actions surviving. R. C. § 2556. To hold otherwise, would materially impair the value and efficiency of the remedy, and subject it to delay and suspension by abatements, when the object of the statute authorizing it is a speedy restoration of the possession to the person from whom it is unlawfully withheld.

2. The appellant obtained, by the judgment rendered, all the benefit to which he was by any possibility entitled under his special plea. This being the case, if the demurrer to that plea

was improperly sustained, — which, however, we do not decide, — it was error without injury.

The judgment is affirmed.