ROBERTSON et al. v. SCOTTISH UNION & NATIONAL INS. CO.

(Circuit Court, W. D. Virginia. March 20, 1895.)

1. AWARD—RELIEF AGAINST—VIRGINIA PRACTICE—INSURANCE POLICY.
   In Virginia, where the distinction between the common-law and equity systems is strictly maintained, no relief against an award, made in pursuance of a submission in pais, can be obtained, except in equity; and, accordingly, when the amount of loss payable under an insurance policy has been fixed by an award made by arbitrators, appointed pursuant to the terms of the policy, no evidence can be received in an action on the policy to prove a loss greater than the amount of such award, or to prove that the arbitrators were not competent and disinterested, as required by the policy.

2. REMOVAL OF CAUSES—CITIZENSHIP OF CORPORATION—SUFFICIENT ALLEGATION.
   The allegation, in a petition for removal of a cause to a federal court, that the defendant is "a company duly chartered and incorporated under the laws of Great Britain," is a sufficient statement of the citizenship of such defendant to give the federal court jurisdiction.

3. SAME—AMENDMENT OF PETITION.
   It seems that where the jurisdictional facts authorizing the removal of a cause from a state to a federal court exist, but are not properly

stated in the petition for removal, such petition may be amended to show the facts properly.

This was an action by C. C. Robertson & Co. against the Scottish Union & National Insurance Company on a policy of insurance, originally brought in the corporation court of the city of Lynchburgh, Va., and removed by the defendant to this court. When the case came on for trial, and after a jury had been impaneled, the plaintiff offered certain evidence, to which the defendant objected, and the court took the question under advisement.

Kirkpatrick & Blackford, for plaintiffs.
Peatross & Harris, for defendant.

PAUL, District Judge. This is an action in assumpsit, brought by the plaintiffs against the defendant company, on a policy of insurance, to recover damages for a loss to the plaintiffs by a fire which occurred in the city of Lynchburgh, Va., on the 3d day of February, 1894. The policy, among its provisions, contains the following:

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one; and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award, in writing, of any two, shall determine the amount of such loss."

The assured and the insurance company failed to agree as to the amount of damage the plaintiffs had sustained, and on the 12th of February, 1894, each selected an appraiser, and on the 14th of February, 1894, these two selected an umpire. On the 24th of February, 1894, the appraiser selected by the insurance company, and the umpire, made an award in writing, fixing the amount of damage sustained by the assured at $4,615.65. The appraiser selected by the assured refused to sign the award. On the 3d of August, 1894, an action on the policy was instituted by the plaintiffs in the corporation court of the city of Lynchburgh, Va., and on the 11th day of September, 1894, on the petition of the defendant company, the case was removed into this court. The case coming on for trial at this term, a jury being impaneled, the plaintiffs have offered to introduce evidence to show that the loss sustained by them was greater than the amount allowed in the award which had been made as above stated, and also to show that the appraiser selected by the defendant company and the umpire were not competent and disinterested, as required by the clause in the policy providing for a submission to arbitration. To the introduction of this evidence the defendant company objects, on the ground that the amount of damages due to the plaintiffs has been ascertained by the award, and that it is not competent for the plaintiffs to assail the award in a court of law. This is the question which the court is to determine.

In Virginia we have two classes of awards,—one provided for by section 3006 of the Code of 1887, as follows:

"Sec. 3006. Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court, in person or by counsel, it shall be entered in the proceedings of such court; and thereupon a rule shall be made, that the parties shall submit to the award which shall have been made in pursuance of such agreement."

The other class of awards is the common-law submission in pais, to which class the award in this case belongs.

Counsel for the plaintiffs have cited in support of their contention several cases decided in other states, especially Bradshaw v. Insurance Co., 137 N. Y. 137, 32 N. E. 1055, and Herndon v. Insurance Co., 14 S. E. 742, decided by the supreme court of North Carolina. In both of these states the common-law system of pleading has been superseded by what is generally termed the "Code Procedure," blending the common-law and equity in one system of practice. As we well know, this innovation on the respective systems of procedure has never been made in Virginia, and the distinction between the two systems has been more closely adhered to in this state than in any other in the Union. The mode of procedure in the two states referred to, no doubt, permits the integrity of an award like the one in this case to be inquired into in an action at law; but the court must determine the question before it in accordance with the common-law system of pleading as we find it in Virginia, and ascertain whether, in accordance with that system, the award in this case can be set aside and annulled in this action.

Mr. Minor, in the fourth volume of his Institutes (page 152), gives three grounds for setting aside an award; namely, improper conduct of the arbitrators, improper conduct of the parties, and objections to the award itself, apparent on its face. Under these general heads, with more or less specific and particular details, the subject is generally treated. At page 153 of the same volume, under the head of "Relief against Erroneous Award in Case of Submission in Pais," he says:

"Relief against an erroneous award upon a submission in pais is to be had in equity alone, and there only upon the reasons stated under the preceding head." 2 Story, Eq. Jur. § 1452.

Miller v. Kennedy, 3 Rand. (Va.) 2, was an action on an award made upon a submission in pais. The court said:

"In such cases it is well established that in an action on the award, or on a bond for performing the award, the plaintiff cannot be required to prove anything more than the execution of the award, according to the submission; and that the defendant in such actions cannot avail himself, in his defense, of want of notice, corruption, or partiality in the arbitrators, or of any other extrinsic circumstance whatever. The defendant's only redress in such cases is a resort to a court of equity."

In Barton's Law Practice (volume 1, p. 587) it is said:

"When, too, the submission to arbitrators and the award are in pais, there is no remedy against the award at law, and resort must be had to a court of equity."

Other authorities to the same effect might be cited, but these will settle the question. Evidence to impeach the award is not admissible in this action. In this forum the award is binding on the

parties, and no recovery can be had in this action beyond the amount therein ascertained.

### On Motion to Remand.

After the court had rendered the foregoing decision in this case the counsel for the plaintiffs moved the court to remand the case into the state court from which it had been removed into this court. The court overruled the motion, for reasons stated in writing as follows:

The plaintiffs move the court to remand this case to the corporation court of the city of Lynchburgh, Va., from which it was removed into this court, for the reason that the petition filed in the state court for the removal of the case into this court does not show that this court has jurisdiction of this case; that it does not show that the defendant company is a citizen or subject of a foreign state. The allegation in the petition as to the citizenship of the defendant company is as follows:

"That your petitioner, the Scottish Union and National Insurance Company, resided at the time of the commencement of this action in the city of Edinburgh, Scotland, with its United States branch at Hartford, Conn., and was and is a nonresident of the state of Virginia; and said Scottish Union and National Insurance Company was at the commencement of this action, and still is, a citizen of Scotland, being a company duly chartered and incorporated under the laws of Great Britain."

Counsel for the plaintiffs contend that this statement is not sufficient to confer jurisdiction on this court; that it is not sufficient to show that the defendant company is a citizen or subject of a foreign country. Counsel contend that no person, whether natural or artificial, can be a citizen of Scotland; that Scotland is not a "foreign country" in the sense in which that term is used in the federal constitution and statutes; that a resident of Scotland may be a citizen of Great Britain; that the failure of the defendant company to allege in its petition that it is a citizen or subject of Great Britain is a failure to comply with the requirements of the statute; and that it is the duty of the court to stop proceedings in this case whenever this is shown, and to remand it to the state court.

Waiving the discussion as to whether the allegation that the defendant company is a citizen of Scotland is sufficient to show the jurisdiction of this court, we will consider the sufficiency, for this purpose, of the allegation that the defendant company "is a company duly chartered and incorporated under the laws of Great Britain."

In Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, Mr. Justice Harlan, speaking for the court, said:

"A corporation of a foreign state is, for purposes of jurisdiction, to be deemed constructively a citizen or subject of such state."

Wilson v. Telegraph Co., 34 Fed. 561, was an action brought in a state court of California by a citizen of that state against the Western Union Telegraph Company, defendant. The case was removed into the United States court, and, on a motion to remand it to the state court, Justice Field, speaking for the court, denied the motion, and said:

"The plaintiff is a citizen of the state of California, and the defendant is a corporation created under the laws of New York, and is therefore to be deemed, for the purposes of jurisdiction, in the federal courts, a citizen of that state."

In Ayers v. Watson, 113 U. S. 595, 5 Sup. Ct. 641, Justice Bradley said:

"We see no reason, for example, why the other party may not waive * * * informalities in the petition, provided it states the jurisdictional facts; and, if these are not properly stated, there is no good reason why an amendment should not be allowed, so that they may be properly stated."

The court is of opinion that under the decisions in Steamship Co. v. Tugman, supra, and in Wilson v. Telegraph Co., supra, this court has jurisdiction of this case, and must retain it; that the statement in the petition that the defendant company "is a company duly chartered and incorporated under the laws of Great Britain" is such a statement of the jurisdictional facts; and the further fact that the policy on which the action is founded, and which is a part of the record in this case, names the defendant company as "the Scottish Union and National Insurance Company, incorporated by special act of parliament," conclusively shows, by presumption, if not expressly, that the defendant company is a citizen or subject of a foreign state, and, as such, has a right to invoke the jurisdiction of a federal court. And if the jurisdictional facts really exist, which is not denied, but are not properly stated in the petition, it might, according to the views of Justice Bradley in Ayers v. Watson, supra, be amended so as to properly state the jurisdictional facts; for it is not the statement made in the petition to the state court which gives the federal court jurisdiction, but that jurisdiction is conferred by the constitution and the act of congress, because of the jurisdictional facts as they really exist. But, under the authority of the cases cited above, the court holds that the citizenship of the defendant company is sufficiently stated in the petition to give this court jurisdiction; and it is not necessary to amend the petition at this late stage of the case, after the pleadings are made up, and a jury selected and sworn to try the issue joined. The motion to remand the case to the state court must be overruled.