# Georgia Home Insurance Co. v. Kline & Co.

*Action on a Fire Insurance Policy.*

. 1. *Arbitration; impeachment of award; loss under a fire insurance policy.*—When in accordance with the provisions of a fire insurance policy, and acting under a written agreement between them, the insured and insurer, after the burning of a stock of goods covered by the policy, submit the matter of difference between them as to the amount of the loss sustained to arbitration, and the agreement of submission included the ascertainment by the arbitrators of the loss and damage done to the goods which were wholly consumed, as well as those which were partially consumed or injured, and the award, when taken in connection with the submission, affirmatively shows that the arbitrators did pass upon and ascertain the loss and damage to the goods wholly consumed, as well as those partially consumed or injured, neither of the parties to such arbitration, can in an action at law upon the policy or upon the award, dispute or contradict the express recitals of the award made by said arbitrators, or impeach such award on the ground that the arbitrators refused to consider, or to include in the award, the loss on so much of the goods as were totally destroyed.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This is a suit, brought by H. A. Kline & Co., the appellees, against the appellant, the Georgia Home Insurance Company, on a fire insurance policy; and resulted on the trial below in a verdict and judgment for plaintiffs. From this judgment the present appeal is taken. There is but a single assignment of error, and it is based on the action of the trial court in overruling the defendant's demurrer to plaintiffs' replication to the pleas of the defendant. The substance of the pleas, replication and demurrer is sufficiently stated in the opinion.

ALEX. T. LONDON, and JOHN LONDON, for appellant.— 1. An award ordinarily has the force of a judgment and concludes the parties from litigating the matters submitted to the arbitrators in any subsequent action.

[Georgia Home Insurance Co. v. Kline & Co.]

Herman on Estoppel, § 442 ; Morse on Arbitration & Award, pp. 293, 294 ; *Boston Water Co. v. Gray*, 6 Metc. 131.

2. Everything embraced in the submission is concluded by the award.—Morse on Arbitr. & Award, pp. 293, 316 ; *Bumpass v. Webb*, 4 Port. 65 ; *Jesse v. Cater*, 28 Ala. 475 ; *Young v. Leaired*, 30 Ala. 374.

3. It is only when a mistake is apparent on the face of the award that it can be attacked in a court of law. Russel on Arbitration, 296 ; Morse on Arbitr & Award, 323, 324, 331, 336 ; *Newland v. Douglass*, 2 Johns. 62 ; *Ferson v. Drew*, 19 Wis. 225.

4. If the award is within the submission it can be attacked in equity only for fraud or gross mistake, not a mistake of law.—*Burchell v. March*, 17 How. (U. S.) 344 ; Bigelow on Estoppel, 71.

5. When a submission is in writing, parol evidence varying its terms is inadmissible.—1 Amer. & Eng.Encyc. of Law, 657, note ; 1 Hermann on Estoppel, 442, 443, 444 ; *Efner v. Shaw*, 2 Wend. 567 ; *Yeatman v. Mattison*, 59 Ala. 386.

6. Acceptance of the amount tendered is a full satisfaction of the plaintiff's demand and entitles the defendant to a dismissal of the complaint.—*Gardner v. Black*, 98 Ala. 638.

CABANISS & WEAKLEY, *contra*.—1. An award is not binding if the arbitrators fail to pass on matters included in the submission, of which they have notice. 3 Encyc. of Plead. & Prac., 142 i ; *Thompson v. Blanchard*, 2 Iowa 44 ; *Adams v. N. Y. Bowery Ins. Co.*, 51 N. W. Rep. 1149 ; *Barrows v. Sweet*, 143 Mass. 316 ; *Bean v. Farnum*, 6 Pick. 269 ; *Canfield v. Watertown Fire Ins. Co.*, 13 N. W. Rep. 252 ; *Mitchell v. Stavely*, 17 East. 58 ; *Hong Sling v. Scottish Un. Ins. Co.*, (Utah), 27 Pac. Rep. 170 ; *Graham v. Woodall*, 86 Ala. 313 ; *Burns v. Hendrix*, 54 Ala. 78 ; *Comer v. Thompson*, 54 Ala. 265 ; *Price v. Via*, 8 Gratt. 79 ; *Camplin v. Eads*, 24 S. W. Rep. 1068 ; *Mosniss v. Ins. Co.*, 52 N. W. Rep. 932 ; *Muldrow v. Norris*, 12 Cal. 331 ; *Harker v. Hough,* 7 N. J. L. 428 ; *Ruckman v. Ransom*, 35 N. J. L. 570 ; *Sharron v. Wood*, 5 Halst. 7.

2. Misconduct on the part of the arbitrators, injurious to one of the parties, may be set up in an action at law

in avoidance of the award.—*Graham v. Woodall*, 86 Ala. 313; 3 Encyc. of Plead. & Prac., 143; cases cited *supra*.

3. The insurer by insisting upon the validity of an award which is not binding thereby waves any right it may have under the policy to insist that an award must be made before any action can be brought.—*Adams v. N. Y. B. Ins. Co.*, 51 N. W. Rep. 1149.

4. While it is true, as a general rule, that in a court of law matters *dehors* the award can not be set up in avoidance of the award, there is a well settled exception to the rule, viz., that the award may be contradicted by parol in order to show that the arbitrator neglected or refused to take into consideration a matter submitted to them.—*Randall v. Randall*, 7 East. 81; *Aitcheson v. Cargey*, 13 Price 639; *Price v. Via*, 8 Gratt. 79; *Conger v. James*, 2 Swan, 213; *Moore v. Luckess*, 23 Gratt. 160; *Fain v. Headerick*, 4 Cold. 338.

HEAD, J.—The plaintiffs sued the defendant, Insurance Company, for the loss by a fire of a stock of merchandise insured by the defendant.

The policy contained the following stipulation : ''In the event of a disagreement as to the amount of the loss, the same shall as above provided be ascertained by two competent and disinterested appraisers, the insurance company and the insured each selecting one, and the two so chosen shall select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire; and the award of any two in writing shall determine the amount of such loss; the parties thereto shall pay the appraisers selected by them and shall bear equally the expenses of the appraisal and umpire.'' Differences having arisen, the appraisers and umpire were duly selected and they entered upon the discharge of their duties and made their award in writing. There was also a separate agreement of submission entered into in writing by the parties after the loss occurred, as follows : ''That Isaac P. Patterson and E. A. Scott shall appraise and estimate the sound value and loss upon the property destroyed and damaged by the fire of the 25th of December, 1894, as specified below; *Provided*, that the said appraisers

[Georgia Home Insurance Co. v. Kline & Co.]

shall first select a third, who shall act with them in matters of difference only. The award of said appraisers, or any two of them, made in writing, according to this agreement, shall be binding upon both parties to this agreement.

"It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of the sound value and loss and damage only, to the property hereinafter described, and shall not determine, waive or invalidate any other right or rights of either party to this agreement.

"The property on which the sound value, loss and damage is to be determined is as follows, to-wit:

"H. A. Kline & Co.—Upon their stock of dry goods, notions, clothing, gents' and ladies' underwear, boots, shoes, trunks, valises, hats, caps, and such other merchandise not more hazardous as is usual to their trade; all of which is contained on the first and second floors of the two-story brick metal roof building, situated number 120 on the west side of 19th street, between 1st and 2d avenues, in Birmingham, Ala.

"It is further expressly understood and agreed, that in determining the sound value and the loss or damage upon the property hereinbefore mentioned, the said appraisers are to make an estimate of the actual cash cost of replacing or repairing the same, or the actual cash value thereof, at and immediately preceding the time of the fire, and in case of depreciation of the property from use or age, condition, location or otherwise, a proper deduction shall be made therefor."

The award was as follows: "We have carefully examined the premises and the remains of the property hereinbefore specified, in accordance with the foregoing appointment, and have determined the sound value to be twelve thousand, six hundred and sixty-one dollars and twenty-one cents ($12,661.21), and the loss to be five thousand, nine hundred and thirty-seven dollars and seventy-one cents ($5,937.71). Witness our hands this 12th day of January, 1895." (Signed by the arbitrators.)

The defendant pleaded in bar of the action, the agreement contained in the policy, the special agreement of submission and the award, and further, alleged payment by the defendant to the plaintiffs of the sum

24

awarded to them. The plaintiffs replied that a large portion of the property covered by the policy was wholly consumed and destroyed in said fire, to-wit, to the amount of $2,500, and of said property so destroyed there were no remnants or remains but the same was wholly consumed and reduced to ashes; that for some reason, unknown to them, the arbitrators did not undertake, and refused and declined, to appraise or pass upon either the sound value of, or the loss upon, the property so wholly consumed and destroyed, but only appraised and estimated the sound value and loss and damage of the property covered by the policy which was visible, and which was only partially damaged or destroyed. They admit the payment to them by the defendant of the sums named in the pleas, but aver that they refused to accept the same in full payment and satisfaction of the loss under the said policy, and of their claim by reason thereof, against defendant, and deny the same was tendered in satisfaction of the said demand. They aver that it was well understood between them and defendant, at the time said sums were paid, that they refused and declined to admit by receiving said sums that their said demand was entirely paid and satisfied. Wherefore, they say, they are not concluded by the said award and the payments made, as aforesaid, as to the property which was wholly consumed and destroyed, as aforesaid. They aver that before the award was made the attention of the arbitrators was called to the fact that said goods had been wholly consumed and that there were no remains thereof from which their identity could be recognized, whereupon the arbitrators replied, in substance, that they were not there to appraise anything except what was in sight, and that they would not do so, and plaintiffs aver that said arbitrators wholly failed and neglected to consider and determine whether or not any goods had been so totally destroyed, or to assess or appraise the loss on account thereof.

The defendant demurred to the replication, raising the question whether the award was conclusive upon the plaintiffs that all matters submitted had been passed upon and adjudged by the arbitrators.

It is not to be questioned that the agreement of submission included the ascertainment by the arbitrators of the loss and damage done to the goods which were

wholly consumed, as well as those which were partially
consumed or merely injured. This is shown in express
terms. It is equally clear that the award, taken in con-
nection with the submission (as it must be), affirma-
tively shows that the arbitrators did pass upon and as-
certain the loss and damage done to the goods which
were wholly consumed, as well as those partially con-
sumed or merely injured. It is not a case of a general
submission of all such matters of dispute as the parties
bring to the attention of the arbitrators, and a general
award made thereon, not showing on its face what par-
ticular matters were brought before the arbitrators and
adjudicated by them. It is in the nature of a special
submission of particular matters, and an award affirma-
tively showing that such special matters were adjudi-
cated. The question is, whether or not it is open to
either of the parties to dispute or contradict the ex-
pressed recitals of the award, in an action at law upon
the policy or upon the award.

The general principle that an award, valid on its face,
can only be impeached by a bill in equity, filed for that
purpose, on account of fraud or other improper conduct
of the arbitrators, is virtually conceded by appellees'
counsel. They insist upon only one exception to the
rule, which is, as they contend, that it may always be
shown by averment and proof *de hors* the award, that the
arbitrators refused to pass upon some matter within the
submission and properly before them.

In *Wright v. Bolton*, 8 Ala. 548, it was decided that an
award, whether made at common law or under the stat-
ute, had essentially the elements of a judgment of a
court, and is final and conclusive. In *Wolff v. Shelton*,
51 Ala. 423, it is said to be a judgment of a court con-
stituted by the parties themselves, final and conclusive
as to the matters submitted, and can only be impeached
for fraud, want of notice (when notice is required), or
improper conduct on the part of the arbitrators which is
injurious to the party complaining : and like the judg-
ment of other courts all reasonable presumptions are to
be made in its favor.

In *Yeatman v. Mattison*, 59 Ala. 382, it was said, if the
submission of matters to be arbitrated was regular and
the award responds to every material question sub-
mitted, it is as conclusive between the parties as the

judgment of a court until assailed and set aside. See also *Brewer v. Bain*, 60 Ala. 153 ; *Edmundson v. Wilson*, 108 Ala. 118.

These authorities are in line with the accepted doctrine of the courts generally. See 2 Am. & Eng. Encyc. Law, (2d ed.), 794 *et seq.*, where many of the authorities are collated. Though the cases are not in harmony upon the point, there are many which hold that an award, under a general submission of all matters in difference bars all further proceedings in regard to all matters that come within the scope of such submission, although some of them were not presented to the arbitrators, nor included in the award. See *Ib.* p. 800, note 2 ; *McJimsey v. Traverse*, 1 Stew. (Ala.) 244. The necessities of this case do not require that we should affirm or disaffirm the soundness of this rule, and we will not be regarded as expressing an opinion upon it. Here the submission, on its face, submitted and carried before the arbitrators, the matter of the entire loss, and the award shows they passed upon, and adjudicated the entire loss ; and to suffer the inquiry which the plaintiffs now propose would be to open to contradiction and impeachment, in a court of law, that which is the equivalent of a final judgment, for no other cause than that the arbitrators committed an error of judgment, prejudicial to the plaintiff. Such relief, in respect of common law arbitration like this, is not obtainable in a court of law. To hold otherwise would be to destroy the finality of the award entirely ; for it is manifest that if one part of the adjudication, shown by the award, may be contradicted and set aside, the entire adjudication may be.

In so far as expressions found in the New Jersey cases, relied upon by plaintiffs may appear to sanction the doctrine that an award may be thus contradicted, we regard them as unsound, and must decline to follow them.

We have been referred to the case of *Graham v. Woodall*, 86 Ala. 313. The case is not in point. The objection there was one of jurisdiction of the arbitrators, arising out of the contention that they failed to give the complaining parties the notice required by the submission.

The parties, by their pleadings, have precluded inquiry touching the distinctions, referred to by counsel,

between appraisement and arbitration. We must take this proceeding to have been an arbitration.

Reversed and remanded.