## LEVIN v. NORTHWESTERN NAT. INS. CO.

(Circuit Court, N. D. Iowa, W. D. July 3, 1906.)

### No. 415.

INSURANCE—ACTION ON POLICY—AWARD PLEADED AS DEFENSE—IMPEACHMENT.
 In an action at law in a federal court on a policy of fire insurance, an
 award of arbitrators, fixing the amount of plaintiff's loss, made in
 accordance with the provisions of the policy and pleaded by defendant,
 cannot be impeached by plaintiff on the ground of fraud or misconduct
 of the arbitrators, but can only be avoided by direct suit in equity.

At Law. On motion to strike reply.

Action to recover the value of property destroyed by fire, which was insured
by the defendant company. The defendant admits the making of the policy
sued upon and the destruction of the property by fire. The policy contains
a provision: "In the event of disagreement as to the amount of loss, the
same shall, as above provided, be ascertained by two competent and disinter-
ested appraisers, the insured and this company each selecting one, and the
two so chosen shall first select a competent and disinterested umpire, the
appraisers together shall then estimate and appraise the loss, stating sepa-
rately sound value and damage, and, failing to agree, shall submit their dif-
ference to the umpire, and the award in writing of any two shall determine
the amount of such loss. No suit or action on this policy for the recovery of
any claim shall be sustainable in any court of law or equity until after full
compliance by the insured with all the foregoing requirements, nor unless
commenced within 12 months next after the fire." It is alleged in the answer
that plaintiff and defendant were unable to agree as to the value of the
property destroyed, and that in accordance with the foregoing provisions of
the policy the amount of such loss was submitted to arbitrators, who made
an award, finding the damage to the property by reason of the fire to be
$1,298.28; that defendant has offered to pay plaintiff the amount of such
award, which he refuses to accept, and the defendant brings the same into
court for his use. The plaintiff replies, admitting the arbitration and the
award as alleged by defendant, but alleges that said award was procured to
be made through fraud of the defendant and said arbitrators after they had
been chosen. The defendant moves to strike these allegations of the reply
upon the grounds that the award is conclusive between the parties, that it
cannot be avoided in this action upon a reply to defendant's answer pleading
the same, and can only be set aside or avoided in equity.

Henderson & Fribourg, for plaintiff.

Carr, Hewitt, Parker & Wright and Robinson & Lynch, for de-
fendant.

REED, District Judge (after stating the facts). Whether or not
an award of arbitrators may be successfully assailed in a court of law
is a question upon which there is some confusion in the authorities.
This arises mainly, if not wholly, from the fact that under the reformed
procedure awards have been defeated upon equitable grounds in law
actions; but this is because equitable defenses are permissible in such
actions under the Code. Any defense, however, to an action upon the
award or answer setting up the same, that goes to the jurisdiction of
the arbitrators, or that appears upon the face of the award, is avail-
able at law to defeat the same; but at common law it seems that matters
extrinsic the award, such as fraud, mistake, or misconduct of the ar-
bitrators, cannot be set up to defeat the same, and redress in such cases

must be sought by direct proceedings in equity. This appears to be upon the theory that an award of arbitrators is analogous to a judgment, the arbitrators being a tribunal selected by the parties to adjudge their disputes (Gordon v. United States, 7 Wall. 188–194, 19 L. Ed. 35; Burchell v. Marsh, 17 How. 344, 15 L. Ed. 96), which is final as between the parties (Burchell v. Marsh, supra; Burroughs v. David, 7 Iowa, 154; Thornton v. McCormick, 75 Iowa, 285–289, 39 N. W. 502; Emmet v. Hoyt, 17 Wend. [N. Y.] 410; Underhill v. Van Cortlandt, 2 Johns. Ch. [N. Y.] 366). While it has long been settled that courts of law have concurrent jurisdiction with courts of equity in matters of fraud (Swayze v. Burke, 12 Pet. 11, 9 L. Ed. 980; Smith v. McIver, 9 Wheat. 532, 6 L. Ed. 152), yet in the national courts, where legal and equitable remedies cannot be blended in one proceeding, it is generally held that relief against awards or other instruments in writing importing a consideration, upon the grounds of fraud, which does not touch the execution of the instrument, must be obtained in equity (Hartshorn v. Day, 19 How. 211–222, 15 L. Ed. 605; George v. Tate, 102 U. S. 564, 26 L. Ed. 232; Wood v. Railway Co. [C. C.] 39 Fed. 52).

In Hartshorn v. Day, supra, it is said:

"The general rule is that in an action upon a sealed instrument in a court of law failure of consideration or fraud in the consideration, for the purpose of avoiding the obligation, is not admissible as between the parties. * * * Fraud in the execution of the instrument has always been admitted in a court of law, as where it has been misread, or some other fraud or imposition has been practised upon the party in procuring his signature and seal. The fraud in this aspect goes to the question whether or not the instrument ever had any legal existence. It is said that fraud vitiates all contracts and even records, which is doubtless true in a general sense. But it must be reached in some regular and authoritative mode. * * * A record of judgment may be avoided for fraud, but not between the parties or privies in a court of law."

In George v. Tate, 102 U. S. 564, 26 L. Ed. 232, it is said:

"Proof of fraudulent representations beyond the recitals of the bond, to induce its execution by the plaintiff in error, was properly rejected. It is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give. * * * The remedy is by a direct proceeding to avoid the instrument."

In Wood v. Railway Co. (C. C.) 39 Fed. 52, supra, Judge Thayer says:

"Such provisions in contracts [for the submission to arbitrators to find the amounts or value of the property when the same is in dispute between the parties] being binding, the next question is whether an estimate made by an engineer in accordance with such a stipulation can be avoided in a strictly legal proceeding by proof of fraud, gross negligence, or mistake? Of course, if an estimate thus made is regarded in the light of an award made by an arbitrator, the authorities are practically all one way; that recourse must be had to a bill in equity, and that neither fraud nor mistake can be alleged or proven to avoid the estimate in a suit at law on the contract to recover a balance claimed to be due. * * * It appears to me, also, that on general principles, whether such estimates are or are not technical awards, courts of equity alone have authority to vacate them on the ground of mistake, fraud, or gross errors amounting to fraud, when such estimates have been regularly made in pursuance of contract provisions."

See, also, Insurance Co. v. Bonner, 44 Fed. 157, 11 L. R. A. 623, affirmed in 56 Fed. 378, 5 C. C. A. 524; Robertson v. Insurance Co. (C. C.) 68 Fed. 173.

The award in question was made pursuant to the agreement of the parties. No fraud is alleged in procuring the agreement, nor in the selection of the arbitrators; but it is alleged that after their selection the arbitrators were guilty of misconduct, in that they conspired with defendant, in some way not definitely alleged, whereby they were not to, and did not in fact, find the full amount of plaintiff's loss. This is not admissible to defeat the award in this action. Whether or not it would be sufficient to authorize a court of equity to avoid the same is not determined. The motion to strike the reply is sustained, and if plaintiff shall be advised to file a bill in equity to avoid the award, this action, upon proper application, may be stayed until the determination of such suit.

It is ordered accordingly.