*Comstock & Canning, Jeremiah E. O'Connell,* for plaintiff.

*Vincent, Boss and Barnefield, Charles A. Wilson, Alexander L. Churchill,* for defendant.

---

THOMAS H. EARLY *vs.* THE PROVIDENCE AND WASHINGTON INSURANCE CO.

JULY 15, 1910.

PRESENT:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Insurance.  Awards.*

Plaintiff brought an action disclosing that an award had been made, which on its face determined the entire liability of an insurance company under its policy, and sought to recover in his action a sum greater than that awarded, and to impeach the award because of alleged misconduct on the part of the appraisers in excluding certain items while estimating the loss, and because of incompetency.

*Held,* that the award could not be so impeached in an action at law.

*Held,* further, that, assuming the first appraisal failed for reasons alleged, the plaintiff was not excused from requesting a second appraisal, it not being shown that the disqualification was known to the defendant at the time of the appointment by it of an appraiser, or that defendant was in any way responsible for their misconduct.

(2)  *Insurance Policy.   Appraisal of Total Loss.*

The provisions of the policy in suit contemplate an ascertainment, by appraisers, of the whole loss, including that portion of the property totally destroyed.

ACTION under a fire insurance policy.   Heard on exceptions of plaintiff to decision of Superior Court sustaining demurrer to declaration, and overruled.

JOHNSON, J.   This case is before the court on exception to the decision of the Superior Court sustaining the defendant's demurrer to plaintiff's amended declaration.   The action was upon a policy of fire insurance which contained the following provisions:  "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described.   .   .   .

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each

selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.   .   .   .

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

"No suit or action on this policy, for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The plaintiff avers that the goods and chattels mentioned in said policy and insured thereby were lost, damaged, and destroyed by fire on, to wit, the            day of November, 1904, to the value of five thousand dollars, and at the time of the loss to the plaintiff thereby said policy and contract of insurance was subsisting and was in full force.

"And the plaintiff avers that after said fire there was a disagreement between the plaintiff and defendant as to the amount of loss and two appraisers were selected to ascertain the amount of such loss, the plaintiff and defendant each selecting one of said appraisers and the two so chosen selected an umpire, and the appraisers together then estimated and appraised the loss as provided in said policy as respects a portion of the insured property damaged by said fire and failing to agree as to whether certain property damaged and destroyed by said fire was included in the property insured by said policy submitted their differences to the said umpire, and that said umpire wrongfully and erroneously decided that said disputed property

was not covered and insured by said policy, that said decision of the umpire was procured and induced by the positive assurance of the appraiser selected by the defendant that the disputed property was not covered by the policy, and was not insured thereby, that said assurance of the appraiser selected by the defendant and the concurring decision therewith of the umpire was finally and wrongfully and erroneously accepted by the appraiser selected by the plaintiff and an award was made in writing by the appraisers and umpire determining the amount of the loss, that said amount was wrong and erroneous in this, that it excluded from appraisal and ascertainment all loss on the said certain property as to said dispute and disagreement arose as to whether it was covered and insured by the said policy.

"And the plaintiff avers that the said property so wrongfully excluded consisted of the following," (setting them out) "all of great value, at the time of said fire, to wit, of the value of three thousand dollars.

"That said excluded goods and chattels were all destroyed by said fire;

"That all said goods and chattels were covered and insured by said policy.

"And the plaintiff avers that although he accepted the damages awarded in and by said award as the amount of his loss on the property appraised by said appraisers and included in said award, he is entitled to damages for the value of the said property insured by said policy and damaged and destroyed by said fire and wrongfully excluded from said appraisal and award, and he claims for the same under said policy.

"And the plaintiff avers that the appraiser selected by the defendant as aforesaid and the said umpire were not competent and disinterested.

"And the plaintiff avers that said appraisers and umpire exceeded their authority in the aforesaid arbitration in that they undertook to decide as to whether the defendant was liable at all under said policy for the damage or destruction of certain property aforesaid (meaning the property in said list) damaged and destroyed by said fire.

"And the plaintiff avers that this action was not commenced until after full compliance by the plaintiff with all the requirements of said policy and that it was commenced within twelve months next after said fire."

The defendant demurred on the following grounds:

"1.  It appears therefrom that an award was made under the provisions of the policy sued upon and said award was accepted and retained by the plaintiff.

"2.  It does not appear therefrom that the award made under the provisions of the policy sued upon was on *its face* other than a proper and just award.

"3.  From all that appears from said declaration the said award showed on its face that the appraisal covered all of the goods destroyed.

"4.  It does not appear that the alleged wrongfulness and erroneousness of the award in failing to include certain alleged items of damage was due to any fraud, partiality or misconduct on the part of the arbitrators and umpire, as distinct from an erroneous judgment upon a full and clear consideration of all the facts.

"5.  It does not allege that the alleged wrongfulness and erroneousness of the award in failing to include certain items of damage was due to any assumption of fact as distinct from a deliberate opinion after a consideration of all the facts.

"6.  From all that appears from said declaration no mistake of law appears on the face of the award.

"7.  From all that appears from said declaration no mistake of fact appears on the face of the award.

"8.  It does not appear therefrom that an award has become impossible because of any fraud or fault on the part of the defendant.

"9.  It does not allege that the award made was due to the fraud, misconduct or partiality of either appraiser, umpire or defendant.

"10.  From all that appears from said declaration a full and conclusive award has been made under the terms of the policy and accepted by the plaintiff."

The provisions of the policy quoted, *supra*, constitute a contract binding upon the parties, by which it was agreed that, in the event of loss under the policy, and disagreement as to its amount, the same should be determined by the appraisers and umpire, and they make it obligatory on the plaintiff to aver in his declaration, in the absence of a reasonable excuse for failure so to do, that such an award has been made. *Grady* v. *Home Fire & Marine Ins. Co.*, 27 R. I. 435; *Graham* v. *German American Ins. Co.*, 75 Oh. St. 374; *Vernon Ins. etc. Co.* v. *Maitlen*, 158 Ind. 393. This the plaintiff has done by alleging in general terms that he has fully performed all of the conditions of the policy, of which such an award determining the entire liability of the defendant is one, and by averring in particular terms, following the words of the policy, that "an award was made in writing by the appraisers and umpire determining the amount of loss." He does not charge, therefore, that the award on its face is other than responsive to the requirements of the policy, or other than a determination of the complete loss under the policy, but he seeks to impeach the award by showing (1) that the value of certain goods, and the plaintiff's loss thereon, were not considered in ascertaining the amount of the award because of an erroneous decision by the appraisers that certain goods were not covered by the policy, and (2) by showing that the umpire and the appraiser chosen by the defendant were not competent and disinterested.

The general rule is that this can not be done in an action at law in jurisdictions where the distinction between law and equity is still maintained. *Georgia Home Ins. Co.*, v. *Kline & Co*, 114 Ala. 366; *Kaplan* v. *Niagara Fire Ins. Co.*, 73 N. J. L. 780; *Robertson et al.* v. *Scottish Union & Nat. Ins. Co.*, 68 Fed. 173; *Levin* v. *Northwestern Nat. Ins. Co.*, 146 Fed. 76.

Thus in *Georgia Home Ins. Co.* v. *Kline & Co.*, *supra*, the plaintiff brought an action under a fire insurance policy containing the same arbitration agreement, with a few minor verbal changes, found in the Rhode Island standard form. The defendant pleaded an award, to which the plaintiff replied that the arbitrators wrongfully refused to consider a large

amount of goods covered by the policy. And it was held, in sustaining the defendant's demurrer to the reply, that the award could not be contradicted in a court of law, because (p. 372) "the submission, on its face, submitted and carried before the arbitrators, the matter of the entire loss, and the award shows they passed upon, and adjudicated the entire loss."

In *Kaplan* v. *Niagara Fire Ins. Co., supra,* where it appeared, in an action on a fire policy containing an arbitration agreement identical in all ways with the clauses in the Rhode Island form, that an award had been made, it was held that evidence introduced for the purpose of showing that the appraisers omitted to take into account certain articles alleged to have been covered by the policy and destroyed, was properly excluded, because (p. 789): "Their award cannot be impeached *at law* for erroneous judgment upon facts, nor can it be for the omission of items of account which are within the terms of the submission."

*Robertson et al.* v. *Scottish Union & Nat. Ins. Co., supra,* was an action on a fire policy containing the arbitration clauses quoted above, in which an award had been made. And it was held that the plaintiff could not prove that the loss sustained was greater than the amount found by the appraisers, nor that the appraiser selected by the insurer, and the umpire, were not competent and not disinterested, because, where the distinction between law and equity still prevails, an award can not be attacked in an action at law for misconduct of the appraisers, and that, therefore (p. 175): "in this forum (law side of the court) the award is binding on the parties, and no recovery can be had in this action beyond the amount therein ascertained."

So also in *Levin* v. *Northwestern Nat. Ins. Co., supra,* it was held that the defendant's motion to strike out the plaintiff's reply, setting up fraud on the part of the appraisers appointed under an arbitration clause identical with the Rhode Island form should be granted, because, where the distinction between law and equity is still preserved, the award cannot be impeached in a court of law for misconduct of the arbitrators.

(1)   These cases seem conclusive of the case at bar.   In this case, as in them, the plaintiff avers that an award has been made which on its face determines the entire liability of the defendant under the policy; and in this case, as in them, the plaintiff seeks to recover, in an action at law, a sum greater than that awarded, and to impeach the award because of alleged misconduct on the part of the appraisers in excluding certain items while estimating the loss, and because of incompetency.   This, as the above authorities show, he can not do in this form of action.

And if plaintiff could show that the award is invalid, that would not benefit him.

In *Grady* v. *Home Fire & Marine Ins. Co.*, *supra*, this court, in construing the arbitration clauses of the standard fire policy, said: " An award by arbitration having been made by the policy a condition precedent to the right of action, it was incumbent on the plaintiff to allege and prove such award; or, if the award was invalid, then to allege and prove either that the amount of loss had been determined by other arbitrators selected according to the provisions of the policy, or that for some valid reason such determination had become unnecessary or impossible."

The plaintiff does not aver that any such second award has taken place, or that he ever made any request for a second appraisal.

And the fact, assuming it to be a fact, that the first arbitration failed because of misconduct on the part of any or all of the appraisers, or because of the appointment of incompetent and interested appraisers, did not excuse the plaintiff from requesting a second appraisal because it is not shown that the disqualification was known to the defendant at the time of the appointment by it of an appraiser, or that the defendant was in any way responsible for the alleged misconduct of the referees. *Graham* v. *German Amer. Ins, Co.*, *supra*; *Westenhaver et al.* v. *German American Ins. Co.*, 84 N. W. 717 (Ia. 1900); *Baumgarth et al.* v. *Firemen's Fund Ins. Co.* 152 Mich. 479; *Fisher* v. *Merchants' Ins. Co.* 95 Me. 486; *Davenport* v. *The Long Island Ins.*

*Co.*, 10 Daly, 535; *Silver* v. *The Western Assurance Co.*, 164 N. Y., 381.

In *Graham* v. *German Amer. Ins. Co., supra,* the plaintiff brought an action on a fire policy drawn after the Rhode Island form, and proved that neither party had asked for an appraisal. And it was held that the burden was on the plaintiff to show that (p. 376), "she has either performed the conditions or has a legal excuse for the non-performance of such conditions, such as a refusal to submit to an arbitration by the other party, or a refusal to select an appraiser."

In *Westenhaver et al.* v. *German Amer. Ins. Co., supra,* it was held that a failure of arbitration due to the inability of the two appraisers appointed by the parties to agree on an umpire did not authorize an action on the policy, because the defendant was in no way responsible for the misconduct of the appraiser appointed by him.

The same conclusion was reached in *Baumgarth et al.* v. *Firemen's Fund Ins. Co., supra,* where the court said (p. 484): "If it were the fact that both arbitrators acted unreasonably and had concluded that they could not agree, there being no bad faith on the part of the defendant, the plaintiffs had not fully performed their legal duty under their contract. It was their duty to continue further negotiations to secure an appraisal."

Plaintiff's counsel argues that the scope of the appraisal and award is never anything more than an ascertainment of the amount of damage done by fire to property which has only been partly destroyed by fire, and that the amount of the loss in case of a total destruction of property is not a question for the appraisal. He cites no authorities in support of this contention. We think the provisions of the policy clearly contemplate an ascertainment, by the appraisers, of the whole loss. In the case at bar there is nothing to show that the first award failed to contain the sound value of all of the property covered by the policy, and the loss thereon, through any fault of the defendant. The amended declaration does not show that the defendant knew that the umpire and the arbitrator appointed

by it were not competent and disinterested. It does not show that the defendant was in any way responsible for the decision excluding the value and damage on certain goods alleged to have been insured. It does not show that an appraisal of the sound value, *etc.*, of said goods alleged to have been excluded has ever been made, or that the plaintiff has ever requested such an appraisal, or that the defendant has waived this condition in the policy. It follows, therefore, that, assuming that the first arbitration failed because of the reasons alleged in the plaintiff's declaration, nevertheless he can not maintain this action on the policy because he has not performed all of the conditions precedent to a right of action on the policy.

The plaintiff's exception to the decision of the Superior Court sustaining the defendant's demurrer is overruled, and the case is remitted to the Superior Court for further proceedings.

*E. C. Pierce*, for plaintiff.

*Frank H. Swan, Edwards & Angell*, for defendant.

*Francis B. Keeney*, of counsel.