GEORGE W. SAUTHOF *vs.* AMERICAN CENTRAL INSURANCE COMPANY.

JUNE 11, 1912.

PRESENT:   Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Fire Insurance.   Appraisal.*

Under the provisions of an insurance policy, "1.   The company shall not be liable beyond the actual cash value of the property at the time any loss or

damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value—said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers— it shall be optional with this company to take all or any part of the articles at such ascertained or appraised value—.

" 2.   If fire occur the insured—shall make a complete inventory, stating the quantity and cost of each article and the amount claimed thereon, and within sixty days after the fire—shall render a statement to this company stating the cash value of each item thereof and the amount of loss thereon" the report of appraisers fixed the sound value of the damaged property and the loss thereon in the aggregate and did not show the sound value of and loss upon each particular article.

*Held,* that an itemized appraisal was necessary to the exercise of certain rights expressly given the defendant, and therefore the report of the appraisers as rendered was not a sufficient compliance with the statute and was void.

(2)   *Construction of Statutes.*

In the construction of statutes, the intent of the whole act shall control, and all the parts be interpreted as subsidiary and harmonious, so that no clause, sentence or word shall be void, superfluous or insignificant.   Words and clauses in different parts of a statute must be read in a sense which harmonizes with the subject matter and general purpose of the statute.   If upon examination, the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must if possible be construed according to that purpose.

ACTION under policy of fire insurance.   Heard on exceptions of plaintiff, and overruled.

VINCENT, J.   This is an action brought under a policy of insurance issued by the defendant company to the plaintiff, whereby the defendant contracted to insure the plaintiff against all direct loss or damage by fire, upon certain personal property in said policy mentioned.   The property enumerated in said policy having been damaged by fire, the plaintiff, within sixty days thereafter delivered to the defendant company his duly authenticated proof of claim, embodying an itemized list of the damaged articles to each of which several items were appended certain figures indicating both the sound value and the loss or damage.

This estimate of the plaintiff not proving satisfactory to the defendant company, the latter claimed an appraisal in accordance with its rights under the policy.   Each of the

parties having appointed an appraiser and the two so chosen having selected an umpire, they proceeded to discharge their duties and later made a report of their doings to the plaintiff and to the defendant company.

This report fixed the sound value of the damaged property at $1,000, and the loss thereon at $756.29. This report, made by the appraisers, as aforesaid, gave the sound value and the loss in the aggregate and did not show the sound value of and loss upon each particular article.

At the trial of the case the plaintiff offered in evidence the report of the appraisers, above mentioned. The defendant objected to its admission on the ground that the award of appraisers, appointed in accordance with the provisions of the policy, should contain an itemized list of the property and that the appraisers should state separately the sound value of and the loss upon each item. The objection of the defendant was sustained by the trial court and the plaintiff excepted. At the close of the plaintiff's testimony, no award having been introduced in evidence, a motion to non-suit the plaintiff was granted and to the granting of this motion the plaintiff also excepted. Other exceptions taken by the plaintiff during the course of the trial are not considered by the plaintiff in his brief and must be considered as waived. Upon the two exceptions above mentioned the case is now before this court.

(1) The provisions of the policy necessary to the consideration of the question presented are as follows: "1. The company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value," . . . "said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable after due notice, ascertainment, estimate and satisfactory proof of the loss have been received

by this company in accordance with the terms of this policy. It shall be optional, however, with this company *to take all or any part of the articles* at such ascertained or *appraised value,* and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality." . . .

"2.  If fire occur the insured shall give immediate notice of any loss thereby in writing to this company," . . . "separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the *quantity and cost of each article* and the *amount claimed thereon;* and within sixty days after the fire" . . . "shall render a statement to this company signed and sworn to by the insured, stating . . . the *cash value of each item* thereof and the *amount of loss thereon.*"

The plaintiff contends that it is not necessary that the report of the appraisers should contain an itemized list of the several articles damaged, together with the sound value of and the loss upon each article, but that the aggregate loss as given by the appraisers, in the present case, is a sufficient compliance with the terms of the contract.

The plaintiff in support of his position cites the case of the *Continental Ins. Co.* v. *Garrett,* 60 C. C. A. 395, but we do not think that this case deals with the particular question raised in the case at bar.   In that suit the subject of insurance was a dwelling house and constituted but a single item upon which it was competent for the appraisers to fix the sound value and the amount of the loss.   The appraisers, however, omitted to ascertain the sound value and only found the amount of the loss.   Upon that point the court said:   "The submission required the appraisers to determine two things, and two things only, for the submission was only for the purpose of determining the amount of loss, and no other defence open to the insurer was submitted.   The policy itself required that the appraisers should state separately sound value and damage." . . . "Sound value is the cash value, making an allowance for depreciation due to use, etc., at and immediately preceding the time of the fire.

This definition is plainly implied by the paragraph from the submission set out above. The award is therefore not in accordance with the submission, because the sound value has not been estimated or appraised."

This, however, being a suit in equity, the court having obtained jurisdiction for the purpose of setting aside the award, which had been pleaded in bar to the pending suit at law upon the policy, retained the case and determined the loss and damage.

The plaintiff has also cited authority to the effect that courts approach the interpretation of a statute with the presumption that words and phrases therein are used in their familiar and usual sense, without any forced, subtle, or technical consideration to limit or extend their meaning (26 A. & E. Enc. of Law, p. 605, § 5); that all legislation interfering with the right of the individual, whether he be a natural person or a corporation, to enter into contracts or to exercise his preferences as to the person with whom he shall do business, should receive strict construction; that it is a well established rule of construction that statutes in derogation of the common law are to be strictly construed and hence while a statute which is plainly inconsistent with the common law will prevail, yet statutes are not presumed to make any alteration in the common law, further or otherwise than the clear import of the statutory language necessarily required (26 A. & E. Enc. of Law, p. 662); that strict construction as applied to statutes means that they are not to be so extended by implication beyond the legitimate import of the words used in them as to embrace cases or acts not clearly described by such words and to bring them within the prohibition or penalty of such statutes, that it does not mean that words shall be so restricted as not to have their full meaning, but that everything shall be excluded from the operation of statutes so constructed which does not clearly come within the meaning of the language used (26 A. & E. Enc. of Law, § 7, p. 657).

(2)    While we do not disapprove of or question these propositions of law we do think that they are not applicable to the particular matter under consideration.   The general rule of law is that the cardinal purpose or intent of the whole act shall control, and that all the parts be interpreted as subsidiary and harmonious.   They are to be brought into harmony, if possible, and so considered that no clause, sentence or word shall be void, superfluous or insignificant.   Words and clauses in different parts of a statute must be read in a sense which harmonizes with the subject matter and general purpose of the statute.   If, upon examination, the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to that purpose.   Sutherland on Statutory Construction, §§ 240, 241.

We cannot agree with the contention of the plaintiff regarding the construction of the statute in question.   It is expressly provided in the policy that the company shall, at its own option, have the right to take all or any part of the articles damaged at the appraised value.   If this court should hold that the report of the appraisers was a substantial compliance with the terms of the contract, the effect would be to completely abrogate that other provision of the contract which gives to the defendant the right to take all or any part of the articles at the appraised value.   An itemized appraisal is therefore absolutely necessary to the exercise of certain rights and privileges which are expressly given to the defendant under the contract.

For these reasons we think that the statute in question must be construed, if possible, so as to give effect to all parts thereof and that any other construction would be unwarrantable.   We are, therefore, of the opinion that the report of the appraisers giving the sound value of and the loss upon the property in the aggregate was not a sufficient compliance with the statute and therefore void, and that the nonsuit was properly granted by the Superior Court.

The plaintiff's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment on the nonsuit.

JOHNSON, J., dissenting. The award made by the appraisers was as follows:

## "AWARD.

" To the parties in interest:

"We have carefully examined the premises and remains of the property hereinbefore specified, in accordance with the foregoing appointment, and have determined the sound value and the loss and damage to be as follows:

|  | Sound value. | Loss. |
|---|---|---|
| " 1st item Household furniture &c...... | $1000 | $756.29 |
| " Total.   Sound Value and Loss...... | 1000 | 756.29 |

"Witness our hands this 21st day of September, 1909.

" EDWIN DRAPER,
" CHAS. A. COOLEY,
*"Appraisers."*

The exceptions are: "First. Exception to the ruling of the court denying the introduction of a certain written award of appraisers, as appears from pages 48–61 of said transcript, the said exception to the ruling of said court being noted on page 61.

"Second. Exception to the decision of the court granting the defendant's motion for a nonsuit, on the ground that the evidence was not sufficient to sustain the second count of plaintiff's declaration in said case, as appears on page 82 of said transcript, and which fully appears from said transcript of testimony, which said transcript of testimony contains all the testimony taken during the trial of said case."

The award should have been admitted in evidence.

In *Early* v. *Providence & Washington Ins. Co.*, 31 R. I. 225, 230, the court, speaking of the attempt of the plaintiff in that case to impeach the award by showing (1) that the

value of certain goods, and the plaintiff's loss thereon, were not considered in ascertaining the amount of the award because of an erroneous decision by the appraisers that certain goods were not covered by the policy, and (2) by showing that the umpire and the appraisers chosen by the defendant were not competent and disinterested, said: "The general rule is that this cannot be done in an action at law in jurisdictions where the distinction between law and equity is still maintained. *Georgia Home Ins. Co.,* v. *Kline Co.,* 114 Ala. 366; *Kaplan* v. *Niagara Fire Ins. Co.,* 73 N. J. L. 780; *Robertson et al.* v. *Scottish Union & Nat. Ins. Co.,* 68 Fed. 173; *Levin* v. *Northwestern Nat. Ins. Co.,* 146 Fed. 76.

"Thus in *Georgia Home Ins. Co.* v. *Kline & Co., supra,* the plaintiff brought an action under a fire insurance policy containing the same arbitration agreement, with a few minor verbal changes, found in the Rhode Island standard form. The defendant pleaded an award, to which the plaintiff replied that the arbitrators wrongfully refused to consider a large amount of goods covered by the policy. And it was held, in sustaining the defendant's demurrer to the reply, that the award could not be contradicted in a court of law, because (p. 372) 'the submission, on its face, submitted and carried before the arbitrators, the matter of the entire loss, and the award shows they passed upon, and adjudicated the entire loss.'

"In *Kaplan* v. *Niagara Fire Ins. Co., supra,* where it appeared, in an action on a fire policy containing an arbitration agreement identical in all ways with the clauses in the Rhode Island form, that an award had been made, it was held that evidence introduced for the purpose of showing that the appraisers omitted to take into account certain articles alleged to have been covered by the policy and destroyed, was properly excluded, because (p. 789): 'Their award cannot be impeached *at law* for erroneous judgment upon facts, nor can it be for the omission of items of account which are within the terms of the submission.'

"*Robertson et al.* v. *Scottish Union & Nat. Ins. Co.*, *supra,* was an action on a fire policy containing the arbitration clauses quoted above, in which an award had been made. And it was held that the plaintiff could not prove that the loss sustained was greater than the amount found by the appraisers, nor that the appraiser selected by the insurer, and the umpire, were not competent and not disinterested, because, where the distinction between law and equity still prevails, an award can not be attacked in an action at law for misconduct of the appraisers, and that, therefore (p. 175): 'in this forum (law side of the court) the award is binding on the parties, and no recovery can be had in this action beyond the amount therein ascertained.'

"So also in *Levin* v. *Northwestern Nat. Ins. Co.*, *supra,* it was held that the defendant's motion to strike out the plaintiff's reply, setting up fraud on the part of the appraisers appointed under an arbitration clause identical with the Rhode Island form should be granted, because, where the distinction between law and equity is still preserved, the award cannot be impeached in a court of law for misconduct of the arbitrators.

"These cases seem conclusive of the case at bar. In this case, as in them, the plaintiff avers that an award has been made which on its face determines the entire liability of the defendant under the policy; and in this case, as in them, the plaintiff seeks to recover, in an action at law, a sum greater than that awarded, and to impeach the award because of alleged misconduct on the part of the appraisers in excluding certain items while estimating the loss, and because of incompetency. This, as the above authorities show, he can not do in this form of action."

That case is decisive of the case now before us. The award cannot be impeached in a court of law any more successfully by the defendant than by the plaintiff. The court certainly cannot accomplish the invalidation of the award any more effectively by declaring it invalid when offered in evidence, and excluding it, than by passing upon

it and declaring it invalid when in evidence. The plaintiff
having complied with the provisions of the policy in regard
to an appraisal and the appraisal having been made, the
loss became payable by the terms of the policy "sixty days
after the notice, ascertainment, estimate and satisfactory
proof of the loss herein required have been received by this
company, including an award by appraisers when appraisal
has been required." If the defendant desired to impeach
the award it could have brought its suit in equity to do so
upon any grounds it wished to urge. Not having done this
it cannot accomplish its purpose in a court of law, but
must abide by the award.

The plaintiff's exceptions should be sustained.

*Cook & Brownell*, for plaintiff.

*C. M. Van Slyck, Frederick A. Jones*, for defendant.